**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2405
_____

MARIA VERA-VALLE; O. C.-V.,
                                        Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency Nos. A220-920-487, A220-920-488)
Immigration Judge: Dennis J. Ryan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 14, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 21, 2025)

_____

_____

OPINION[*]

_____

**PER CURIAM**

Maria Vera-Valle and her minor son, O. C.-V., proceeding pro se, have filed a petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We will deny the petition.

I.

Vera-Valle and her son are citizens of Ecuador who arrived in the United States in December 2021. The Department of Homeland Security served them with Notices to Appear, charging them as removable for being present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). They conceded the charges and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At the merits hearing, Vera-Valle testified that she and her son are from the rural town of Zumbi, Ecuador. On May 8, 2021, Vera-Valle intervened to stop Marcelo "Pecueca" Olmedo, a member of the local Los Podridos gang, from attacking another woman. On May 11, 2021, when Vera-Valle was walking home from work with her son, Pecueca attacked and injured her with a knife. She received treatment for her wounds, but she did not go to the police to seek protection, and she did not suffer any further harm from Pecueca.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Vera-Valle briefly relocated to her parents' house in Zumbi before she decided to flee Ecuador with her son. Since Vera-Valle left, Pecueca has visited her parents' house to ask about her, and he has sent her threatening Facebook messages.

The Immigration Judge ("IJ") denied the applications for relief, concluding that Vera-Valle failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT. The BIA adopted and affirmed the IJ's decision. Vera-Valle and her son filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the agency's legal determinations de novo and its factual findings for substantial evidence. *See Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020). Under the substantial-evidence standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (cleaned up).

## III.

To succeed on an asylum claim, a petitioner must show that she suffered past persecution or has a well-founded fear of future persecution "on account of" a protected ground such as "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The protected ground "must be an essential or principal reason for the persecution." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). Because the standard for withholding of removal is higher than that for asylum, an application that does not establish asylum

3

eligibility necessarily fails to make the required showing for withholding of removal. *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020).

Here, we agree with the agency's conclusion that Vera-Valle failed to establish eligibility for asylum or withholding of removal because there is no nexus between any protected ground and the harm that she suffered or fears. To the extent that Vera-Valle attempted to articulate any protected ground in the agency proceedings, she claimed membership in the particular social group of "victims of gang violence in Ecuador." A.R. at 5. Like the IJ, we "sympathize[] that she was the victim of a crime having assisted an innocent individual," A.R. at 49, but we conclude that this incident alone is not enough to establish her membership in a cognizable group. *See Manuel-Soto v. Att'y Gen.*, 121 F.4th 468, 471 (3d Cir. 2024) (concluding that "victims of extortion by gang members" was not cognizable because "a particular social group must exist independently of the persecution suffered by the applicant") (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 518 (3d Cir. 2024) (concluding that the particular social group of "gang violence recipients" was "defined by the harm posed to its members, so it is not cognizable").

Moreover, even if Vera-Valle could establish membership in a cognizable particular social group,[1] substantial evidence supports the agency's alternative conclusion that her membership in such a group was not an essential or principal reason for her persecution.

---

[1] In her reply brief, Vera-Valle argues that she is part of the particular social group of "Women who resist the authority of gangs in rural Ecuador." Pet'rs' Reply Br. at 2. We do not consider this argument because it was not raised in her opening brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

Substantial evidence supports the agency's conclusion that Pecueca has been motivated by the fact that Vera-Valle disrupted his prior criminal attack against another woman. *See* A.R. at 151, 160; *see also Gonzalez-Posadas*, 781 F.3d at 685 ("Conflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic.").

Substantial evidence also supports another independent basis that the agency provided for denying asylum and withholding of removal: Vera-Valle failed to show that the Ecuadorian government was unwilling or unable to protect her from the harm that she suffered and fears from a private actor. *See Manuel-Soto*, 121 F.4th at 472 (concluding that petitioners failed to show that the Guatemalan government was unwilling or unable to protect them where they never reported the relevant conduct to the police and where the country-conditions report "shows that the Guatemalan government takes [violence against women] seriously"). Here, Vera-Valle never reported the incident with Pecueca to the police, and to the extent that she expressed fear about going to the police, substantial evidence supports the agency's conclusion, based on the country-conditions report, that the Ecuadorian government would be willing to protect her because it takes gang violence and violence against women seriously. *See* A.R. at 181, 198.[2]

Accordingly, we will deny the petition for review.

---

[2] It appears that Vera-Valle has forfeited any argument related to her claim for relief under the CAT because none was raised in her briefing. *See In re Wettach*, 811 F.3d at 115. In any event, for essentially the same reasons discussed above, substantial evidence supports the agency's denial of CAT relief based on its conclusion that the Ecuadorian government would not acquiesce in any harm amounting to torture. *See Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).